Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IVAN ENCARNACION, on behalf of himself, and others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>515 MADISON GROUP, INC., *doing business as* ESSEN SLOW FAST FOOD, 515 MADISON AVENUE BAKE, LLC, *doing business as* ESSEN SLOW FAST FOOD, or any other business entity doing business as ESSEN SLOW FAST FOOD, located at 515 Madison Avenue, New York, NY 10022, and CHONG H. LEE, *individually*,<br><br>Defendants. | Case No.: 18 CV 5153<br><br>**COMPLAINT IN AN FLSA ACTION**<br><br>ECF Case |

Plaintiff, Ivan Encarnacion ("Plaintiff"), on behalf of himself, and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, 515 Madison Group, Inc., *doing business as* Essen Slow Fast Food, located at 515 Madison Avenue, New York, New York 10022; 515 Madison Avenue Bake, LLC, *doing business as* Essen Slow Fast Food, located at 515 Madison Avenue, New York, New York 10022; or any other business entity doing business as Essen Slow Fast Food, at 515 Madison Avenue, New York, New York 10022

(collectively, "Essen"), and Chong H. Lee, individually (the individual and corporate defendants, collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff, Ivan Encarnacion, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff, Ivan Encarnacion further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day he worked more than ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Bronx County, New York.

6. Defendant, 515 Madison Group, Inc., *dba* Essen, is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business 515 Madison Avenue, New York, NY 10022.

7. Defendant, 515 Madison Avenue Bake, LLC, *dba* Essen, is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business 515 Madison Avenue, New York, NY 10022.

8. Upon information and belief, Defendant, Chong H. Lee, is the owner, officer, director and/or managing agent of Essen, whose address is unknown at this time and who participated in the day-to-day operations of Essen, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Essen.

9. At times relevant to this litigation, Defendants were the Plaintiff's employer within the meaning of the FLSA and the New York Labor Law.

10. Plaintiff, Ivan Encarnacion, was employed by Defendants in New York, New York, to work as a delivery person and general helper for Defendants' restaurant/delicatessen known as "Essen" from January 2016 through October 2016; he returned in or around June 2017, and worked continuously through May 1, 2018.

11. At all relevant times, Essen was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff, Ivan Encarnacion, was directly essential to the business operated by Essen.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Ivan Encarnacion lawfully earned wages in contravention of the FLSA and New York Labor Law.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Ivan Encarnacion lawfully earned minimum wages, and overtime compensation in contravention of the FLSA and New York Labor Law.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Ivan Encarnacion lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

16. Plaintiff, Ivan Encarnacion, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. On or about January 25, 2016, Plaintiff, Ivan Encarnacion, was hired by Defendants to work as a delivery person / general helper, at Defendants' restaurant and deli known as "Essen" located at 515 Madison Avenue, New York, New York 10022.

18. Plaintiff, Ivan Encarnacion, worked for the Defendants without interruption, between January 2016 though October 10, 2016; he returned to work for the Defendants between June 2017 through May 1, 2018.

19. During Plaintiff's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked five (5) shifts per week, ten (10) hours per shift, with a half hour break in the afternoon. As such, Plaintiff's worked approximately forty-seven and a half (47 ½) hours per week.

20. Plaintiff was not paid for all hours worked, or overtime compensation. In 2016, Plaintiff was paid an a fixed weekly salary of $487.00; in 2017 he was paid $10.87 per hour, straight time, for all hours worked. He was not paid an overtime premium for hours worked in excess of forty (40) each week.

21. Work performed above forty (40) hours per week was not paid at time and one-half his regular hourly rate of pay as required by state and federal law.

22. Plaintiff was paid his wages in cash.

23. Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying wages for all hours worked, to the Plaintiff and other similarly situated employees.

24. Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

25. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

26. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

27. Defendant, Chong H. Lee, is an individual who, upon information and belief, owns the stock of Essen, owns Essen, and manages and makes all business

decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

28. Defendant Chong H. Lee directly controlled the terms and conditions of Plaintiff, and similarly situated employees' employment, in that he had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

29. Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

30. Plaintiff normally worked over forty (40) hours per week.

31. At times during his employment did Defendants did not provide Plaintiff with a complete and accurate wage statement with his cash wages, which explained Plaintiff's hours, hourly rate, gross wages, deductions, and net wages.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

32. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "31" of this Complaint as if fully set forth herein.

33. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, Defendants employed Plaintiff and Collective Action Members within the meaning of the FLSA.

35. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of five hundred thousand dollars ($500,000).

36. Plaintiff, Ivan Encarnacion, was entitled to be paid at the rate of time and one-half his regular hourly rate of pay for all hours worked in excess of the maximum hours provided for in the FLSA.

37. Defendants failed to pay Plaintiff and other similarly situated employees wages for all hours worked, minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

38. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Action Members for all hours worked, illegally not paying wages, and not paying statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure Plaintiff and the Collective Action Members.

40.     Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

41.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42.     Defendants failed to properly disclose or apprise Plaintiff, Ivan Encarnacion, of his rights under the FLSA.

43.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

44.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

45.     Plaintiff and Collective Action Members are entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

46.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

48. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff, and illegally deducting from Plaintiff, wages for hours worked.

49. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times Plaintiff's regular hourly rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

50. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

51. At relevant times, Defendants did not provide Plaintiff and other similarly situated employees, with a document or written statement accurately accounting for his actual hours worked, and setting forth their hourly rate of pay, regular wage, and/or overtime wages.

52. Upon information and belief, this was done in order to disguise the actual number of hours the employees worked, and to avoid paying them for their full hours worked; and, overtime due.

53. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete payroll records.

54. Due to the Defendants' New York Labor Law violations, Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid wages,

unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

55. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

57. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

58. Plaintiff was paid cash, and not provided with a wage statement as required by law.

59. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Ivan Encarnacion, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages and overtime wages due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c) Statutory penalties for failing to comply with the notice and record-keeping requirements of the New York State Wage Theft Prevention Act.

(d) An award of liquidated damages as a result of Defendants' pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
June 8, 2018

Respectfully submitted,

By: _____
Peter H. Cooper (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone (212) 209-3933
Facsimile (212) 209-7102
pcooper@jcpclaw.com

11

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Ivan Encarnacion_, am an employee currently or formerly employed by _Essen_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_June 7_, 2018

_C IVAN E. M._